**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | CR 12-1886 TUC DCB |
| v. ) | |
| ) | **ORDER** |
| Adriana Cantu-Lopez, ) | |
| Defendant. ) | |
| ——————————————————) | |

On August 8, 2012, Defendant was arrested at the DeConcini Port-of-Entry in Nogales, Arizona, for knowingly and intentionally possessing with intent to distribute 5 kilograms or more (14 kilograms) of cocaine. The drugs were found in a non-factory compartment in the firewall of the engine compartment of a 2008 Chevrolet Silverado. She admitted owning the car. She has been indicted with importing cocaine, possession with intent to distribute cocaine, and a forfeiture allegation. The maximum term of imprisonment faced by the Defendant is life in prison, with a mandatory term of ten years.

Defendant was ordered detained at her initial appearance by Magistrate Judge Leslie Bowman, and subsequent to a detention hearing, Magistrate Judge Velasco ordered her detained pending trial, adopting as his own the findings and recommendation in the Pretrial Services Report.

A person facing trial is entitled to release under the least restrictive conditions or combination of conditions that will reasonably assure the appearance of the person as required, and the safety of the community. *United States v. Motamedi*, 767 F.2d 1403, 1405

1  (9th Cir. 1985); 18 U.S.C. § 3142. Only in rare circumstances, should a court deny release.

2  *Id.*

3       The factors the Court considers regarding an order of detention are as follows: 1) the

4  nature and seriousness of the offense charged; 2) the weight of the evidence against the

5  defendant; 3) the defendant's character, physical and mental condition, family and

6  community ties, past conduct, history relating to drug and alcohol abuse, and criminal

7  history; and 4) the nature and seriousness of the danger to any person or the community that

8  would be posed by the defendant's release. The weight of the evidence is the least important

9  of the factors, and the Court is neither required nor permitted to make a pretrial determination

10  of guilt. 18 U.S.C. § 3142(g), *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991)

11  (citations omitted). However, the nature of the offense and the evidence of guilt is relevant

12  in terms of the likelihood that the person will fail to appear or will pose a danger to the

13  community. *United State v. Cardenas*, 784 F.2d 937, 939 (9th Cir. 1986) (citing *Montamedi*,

14  767 F.2d at 1408).

15       The burden is on the Government to show that the Defendant poses a flight risk by

16  a preponderance of the evidence, *but the Bail Reform Act contains a rebuttable presumption*

17  *that an individual should be detained if the Court finds that there is probable cause to believe*

18  *that the person committed an offense for which a maximum term of imprisonment of ten years*

19  *or more is prescribed in the Controlled Substances Act.* 18 U.S.C. § 3142(e)(3). A

20  defendant does not need to show he is not guilty to rebut one of the presumptions, *United*

21  *States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986), a defendant must only produce some

22  credible evidence showing reasonable assurance of appearance and/or no danger to the

23  community, *United States v. Carbone*, 793 F.2d 559, 560 (3rd Cir. 1986).

24  **1.   Nature and seriousness of the charged offense**

25       Defendant has no record of violent crimes or weapon charges, but the charged

26  offense is a drug trafficking offense, which poses a threat to the community.

27

28                                              2

**2.  Weight of evidence against the Defendant (least important factor)**

Defendant was stopped at the port of entry driving a 2008 Chevrolet Silverado, which she admitted owning, and wherein 14 kilograms of cocaine were found in a non-factory compartment in the firewall of the engine compartment. Defendant does not assert this factor to rebut the presumption of detention.

**3.  The Defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history.**

The Pretrial Service Report, prepared on 8/9/2012, reflects that the Defendant is 39 years old. She is a United States citizen, who has lived in Tucson, Arizona, her entire life. She resides with three of her four children: ages 11, 14, and 18. Her two youngest children are boys, and it appears they are excellent students, enrolled in honor classes and gifted programs. Her 19-year old daughter resides with Defendant's mother. The Defendant's immediate family, four siblings and parents, reside in Tucson, and Defendant sees them frequently. Her sisters, Mother, and several close family friends will attest for her good character, including she is a hard worker, supports her family, and is a wonderful mother. The Pretrial Services Report confirms she was working part-time at Silverbell Eyecare at the time of the offense, earning approximately $900 per month.

Defendant's husband of 15 years is a citizen of Mexico, who resides in Mexico. Defendant travels to see him in Mexico about four times a week. She has applied for, but not yet received a passport. Defendant asserts she has never lived in Mexico and has no desire to move to Mexico.

Defendant is in good physical and mental health and reported that alcohol consumption began at 19; she drinks about 4 beers a week. She began using cocaine at the age of 28. She initially reported she had not used cocaine for over four years, but then admitted to using the substance three days prior to the date of the report. She insists she does not have an alcohol or drug problem, and she was not interested in treatment.

3

Defendant's prior criminal record reflects no prior felony offenses, but several instances where she failed to appear for judicial proceedings. Her attorney asserts these failures to appear were due to carelessness, not disregard or disdain for court proceedings and that she is most impressed by the seriousness of this charge and, therefore, would not fail to appear before this Court.

**4)     The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.**

The Government argues that Defendant's history of drug abuse and the very nature of the offense, which is conspiracy to possess and intent to distribute a large quantity of cocaine, reflects the danger Defendant poses to the community. Defendant argues that because she has no felony criminal record, she may be safety valve eligible and, therefore, the mandatory minimum sentence of 10 years would not apply. Defendant argues her lack of any criminal record and good character shows she does not pose any danger to the community.

**Conclusion**

The presumption of detention, pursuant to 18 U.S.C. 3142(e)(3), is not based on the term of imprisonment the defendant may be facing, it is based on the prescribed term of imprisonment. Clearly, the presumption applies. The Defendant's strongest arguments for pretrial release are the letters from family and friends explaining she is of good character, and she does not have a prior felony criminal record. The Pretrial Services Report concludes that she has a history of drug use based on her assertions that she used cocaine four years ago, but then admitted to using cocaine three days prior to her interview. Regardless of her own personal use, Plaintiff poses a risk to the community because the instant offense involves a large amount of cocaine and is a drug trafficking offense. There is strong evidence against her because she was the owner of and driving the truck at the time the drugs were found.

1    There is also clear and convincing evidence that Defendant is a serious flight risk
2  due to her 15 year old marriage to a Mexican citizen, who lives in Mexico, and her routine
3  travel back and forth to Mexico approximately four times a week to be with him.  Two of her
4  children are young adults, and she has family in Tucson where her younger boys could reside
5  in the event she was not here to care for them.  Consequently, her children's residency in
6  Tucson does not depend on her remaining here.

7    The Pretrial Services Report's recommendation was issued, pending further bond
8  availability information, but Defendant's appeal/motion for release does not provide any
9  bond proposal.  There is no new evidence presented on appeal, except the letters from family
10  and friends.

11    The Court reviews the Magistrate Judge's detention order *de novo*.  *United States*
12  *v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990).  The Court finds that the facts found by the
13  Magistrate Judge in his detention order were supported by clear and convincing evidence.
14  The Court finds no basis for the detention hearing to be reopened because there is no new
15  information that was not known to the movant at the time of the detention hearing that has
16  had a material bearing on the issue of whether there are conditions for release that will
17  reasonably assure the appearance of the Defendant as required and the safety of the
18  community.  18 U.S.C. § 3142(f)(2).

19    The Court finds that the Defendant has not overcome the presumption of detention.
20  Like the Magistrate Judge, the Court adopts the findings and recommendation of Pretrial
21  Services contained in the Pretrial Services Report.

22    **Accordingly,**

23    **IT IS ORDERED** that the hearing on Thursday, September 27, 2012, at 1:30 pm
24  is vacated.

25  / / /

26  / / /

27

28                                                   5

1      **IT IS FURTHER ORDERED** that the Motion to Review Detention Order (Doc.

2 11, 12, 13) is DENIED.

3      DATED this 25th day of September, 2012.

David C. Bury
United States District Judge